IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    Case No. 1:18-cr-04177 KWR

GREGORY JOHN BOCHTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant's counseled Emergency Motion for Compassionate Release, filed May 13, 2021 **(Doc. 96)**. Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant was recently sentenced to a 21 months term of imprisonment upon a revocation of his supervised release. Defendant's self-surrender date is May 17, 2021, and he requests the Court reduce his sentence to time served before he surrenders. Defendant asserts that since he was sentenced his ex-wife passed away and he needs to be home to care for his parents and his 16-year-old daughter and 13-year-old son. Having carefully reviewed the record and applicable law, the Court will deny the Motion.

### BACKGROUND

On February 12, 2020, the defendant was sentenced to 2 days custody, or time served, followed by a one year term of supervised release following a conviction for Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D).

While on supervised release in this case, Defendant was arrested in Florida for another drug trafficking offense. Defendant was found to be in possession of 1,300 THC vape cartridges, THC oil residue, synthetic cannabinoids, MDMA, anabolic steroids, and packaging material and

drug paraphernalia. Defendant pled nolo contendere in the Florida state case and entered into a plea agreement. The plea agreement contemplated probation in light of his guideline sentence range in this case. Defendant admitted to the supervised release violation, and his guideline range was 15 to 21 months imprisonment.

On January 19, 2021, the Court sentenced Defendant to a guideline term of imprisonment of 21 months for a violation of supervised release. The Court also placed him on one year of supervised release. **Doc. 89 at 4.** The Court granted Defendant a self-surrender date within sixty days of sentencing.

On March 8, 2021, Defendant filed a motion to extend his self-surrender date. The Court denied the motion. On March 9, 2021, Defendant's ex-wife passed away, and Defendant requested additional time to arrange for care for his sixteen year old daughter and thirteen year old son. The Court granted the motion, and his new self-surrender date was May 17, 2021.

Defendant's basis for this motion for compassionate release is that his ex-wife, who was the primary caretaker of his children, passed away. He states "if allowed to serve his sentence on home confinement, [Defendant] can care for his children and his elderly parents while simultaneously serving his debt to society." **Doc. 96 at 1.** The Court notes that Defendant has had approximately 120 days to arrange care for his family since his supervised release was revoked.

This emergency motion was filed on May 13, 2021 and his self-surrender date is May 17, 2021. Because Defendant appears to request the Court rule before he self-surrenders, the Court will rule on the motion before it is fully briefed.

# DISCUSSION

Defendant filed this motion pursuant to § 3582(c)(1)(A) requesting that his term of imprisonment be reduced to time served, and he be placed on supervised release with a condition of home confinement.

Generally, "a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this rule and allowed for certain "compassionate release" sentence modifications under § 3582(c)(1)(A).

The Court may reduce a sentence under this provision if Defendant administratively exhausts his request and three other requirements are met: (1) the court finds that extraordinary and compelling reasons warrant such a reduction; (2) the court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the factors set forth in § 3553(a), to the extent that they are applicable. *United States v. McGee*, __ F.3d __, 2021 WL 1168980, at *5 (10th Cir. 2021) (published).

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others. But when a district court grants a motion for compassionate release, it must of course address all three steps." *Id.* at *6.

The Court declines to reduce Defendant's sentence for the following alternate reasons.

**I.**     **<u>Home confinement is not appropriate</u>.**

Initially, the Court notes that it does not have the ability to convert Defendant's term of imprisonment to home confinement. *United States v. Read-Forbes*, 843 F. App'x 131, 133 (10th

Cir. 2021); *United States v. Johnson*, No. 20-6103, 2021 WL 1053706, at *3 (10th Cir. Mar. 19, 2021).

In order to get around this clear Tenth Circuit case law, Defendant requests that the Court sentence him to a term of supervised release with home confinement. Defendant does not explain what authority the Court has to place him on home confinement. The Court notes that § 3582(c)(1)(A) provides that the court may reduce a term of imprisonment and impose a term of supervised release with conditions. As a condition of supervised release, the Court may order the defendant to "remain at his place of residence during nonworking hours… except that an order under this paragraph may be imposed only as an alternative to incarceration." § 3583(e)(4). The Court notes that "home confinement" under supervised release allows a defendant to leave the home during working hours. To the extent the Court has discretion to place Defendant on supervised release with a condition of home confinement, the Court finds that is not appropriate under § 3553(a), for the reasons stated below.

**II.     Defendant failed to show administrative exhaustion.**

Alternatively, the Court notes that Defendant has not shown he has administratively exhausted his claims. *See* **doc. 96 at 2** (although referencing an exhibit 2, no exhibits were attached to the motion). He asserts that the BOP will not consider his compassionate release motion, but it is unclear why they will not do so from the record.

**III.    Defendant has not shown that extraordinary and compelling reasons warrant a sentencing reduction.**

Alternatively, the motion should be denied because Defendant has not shown extraordinary and compelling reasons warranting a sentencing reduction here.

4

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t). *See also United States v. Saldana,* 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release). However, because the Sentencing Commission has been unable to comply with Congress' directive, the Court is currently not bound by the Sentencing Commission in determining what constitutes an extraordinary and compelling reason for sentence reduction. *United States v. McGee*, ___F.3d ___, 2021 WL 1168980, at *12 (10th Cir. 2021) (published). Therefore, the Court has discretion to consider whether the circumstances in this case are an extraordinary and compelling reason for a sentence reduction. *Id.* at *6-8. Similarly, the Court is also not constrained by policy statements set forth by the Sentencing Commission because the Sentencing Commission has not yet updated its policy statements. *Id.* at *10-12.

The Court assumes it has discretion to determine what constitutes extraordinary and compelling reasons. The Court finds that Defendant's family situation is not unique. The Court does not believe that the passing of his ex-wife constitutes an extraordinary and compelling reason to reduce his sentence to time served. Defendant was given 120 days to arrange care for his parents and children. Here, Defendant has not adequately shown whether any other family member can provide care for his parents and children.

IV. **Sentencing factors under § 3553(a) do not favor release.**

Alternatively, even if Defendant showed administrative exhaustion and extraordinary and compelling reasons for a sentencing reduction, the applicable § 3553(a) factors do not favor reducing his term of imprisonment to time served. § 3582(c)(1)(A) (the court "may reduce the

term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable…"); *see, e.g., United States v. Carter*, 2020 WL 3051357, at *3 (S.D.N.Y.) (Section 3553(a) factors did not justify early release despite extraordinary and compelling reasons).

On January 19, 2021, the Court weighed the § 3553(a) factors and sentenced Defendant to a guideline term of imprisonment of 21 months. **Docs. 87, 89.** Defendant has not yet started serving that sentence. Defendant essentially requests that the Court reconsider that sentence on one ground – his ex-wife passed away and she was the primary caregiver for their children.

Considering the § 3553(a) factors, the record before the Court upon the final revocation hearing, and the new information provided by Defendant, the Court concludes that a guideline sentence range of 21 months imprisonment is appropriate.

Shortly after Defendant was originally sentenced to two days' imprisonment in this case, he returned to drug trafficking. Six months after his term of supervised release began, a search warrant was executed in his home and law enforcement found 1,300 THC vape cartridges, synthetic cannabinoids, MDMA, drug paraphernalia, and packing materials. On December 9, 2020, Defendant entered a Nolo Contendere plea to five counts, including first degree felony trafficking, in Florida state court. The parties contemplated probation in the Florida case in light of the 15 to 21 months term of imprisonment he would likely receive in this case. **Doc. 86 at 2-3.**

Defendant appears to argue that his current history and characteristics weigh toward a sentencing reduction. § 3553(a)(1). Defendant asserts that his ex-wife passed away and he needs to care for his parents and sixteen-year-old daughter and thirteen-year-old son. It is unclear whether anyone else can care for his family. The Court has considered his family's situation as set forth in the record and his motion. **Doc. 96.** The Court notes that Defendant has had 120 days to arrange

6

care since his supervised release was revoked on January 19, 2021. The Court finds that Defendant's family situation is not unique, and not sufficient, when viewed in context of the record and § 3553(a), to reduce his sentence to time served. Defendant was trafficking drugs in his home where his daughter and son lived. Like the Government, the Court finds this troubling. **Doc. 86 at 3.** Defendant also has prior drug trafficking convictions.

The Court notes that the maximum term of imprisonment upon revocation of supervised release was 2 years, while the guideline imprisonment range was 15 months to 21 months. **Docs. 78, 79**. § 3553(a)(3) (directing court to consider the kinds of sentences available). The Court notes that a plea agreement was entered into in the Florida case.

The Court finds a 21-month term of imprisonment is necessary for specific deterrence in this case. It is also necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; and protect the public from further crimes of the defendant. § 3553(a)(2)(A)-(C). The Court originally sentenced Defendant to 2 days' imprisonment in 2020. Defendant apparently immediately returned to drug trafficking during his supervised release.

The Court is not inclined to vacate his term of imprisonment and place him on a term of supervised release with the condition of home confinement. The Court finds that placing him on home confinement is not appropriate given that he was found to be trafficking drugs from his home.

After considering and balancing all applicable § 3553(a)(1)-(7) factors and the record, the Court concludes that a sentencing reduction is not warranted.

Accordingly, the Court will the deny the Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release **(Doc. 96)** is **DENIED**.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE